ALLEN W. RANTT v. LEWIS HARDIN.

**Deposition—Exceptions.**

It not appearing that the exceptions of either party to the depositions were acted on in the court below, for this reason they must be regarded as unread.

**Same.**

If the depositions were not taken at the place designated in the notice and the adjournment from that place was unorthized by the code, still the defendant was present, and cannot avail himself of such irregularity, if any existed.

APPEAL FROM BATH CIRCUIT COURT.

November 23, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

It does not appear that the exceptions of either party to depositions were acted on in the court below; for this reason they must be regarded as having been unread.

But we perceive no sufficient ground of objection to the reading of any of the depositions excepted to by the defendant. If they were not taken at the exact place designated in the notice, and the adjournment from that place was not such as authorized by the Code of Practice, the examiner's certificate shows the defendant was present at the taking of the depositions. Nor does it appear to us that the court abused its discretion in overruling the defendant's motion for a continuance.

The alleged partnership between the appellant and Hardin and John Rantt is, we think, established by a decided preponderance of the evidence. The report of the commissioner fixing the amount due the plaintiff, as agreed to by the parties, was not excepted to by the appellant, although the usual time was allowed for doing so. It seems to us the commissioner had a right to base his report on an agreed adjustment of the parties themselves, if made by them for that purpose before him; and if the report was not correct as to such agreement, or in any other particular, the defendant could have made the fact appear in the Circuit Court in the usual and proper mode.

Wherefore, no special error being perceived in the judgment, the same is affirmed.

*Gudgell, for appellant.*

*Lacey, for appellee.*